IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
K.J., a minor who sues by      )
and through his mother and     )
next friend, Formeshia         )
Franklin,                      )
                               )
     Plaintiff,                )
                               )     CIVIL ACTION NO.
     v.                        )       2:18cv19-MHT
                               )           (WO)
CTW TRANSPORTATION             )
SERVICES, INC., and GARY       )
S. McCALL,                     )
                               )
     Defendants.               )
```

OPINION

Plaintiff K.J., a 17-year-old, suing by and through his mother, filed this lawsuit against defendants CTW Transportation Services and Gary McCall, for injuries he suffered in a car accident caused by McCall. The jurisdiction of the court has been invoked pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Because this case involves a minor, the parties have asked that the court approve their proposed settlement. At a pro ami hearing, the court heard from the parties' counsel, K.J., his mother, and K.J.'s court-appointed guardian ad litem. The settlement will be approved.

On November 30, 2016, McCall, who was employed by CTW and driving an 18-wheeler truck, ran a red light. The truck collided with the vehicle occupied by K.J., who was hospitalized for a week for his injuries. As a result of the crash, K.J. suffered a collapsed lung and a traverse process fracture and required a bowel resection and a colon resection. At the time of the notice of settlement to the court, K.J. had made a near-full recovery; no long-term disability or damage is expected.

## I. Legal Standard

Alabama law requires that a court hold a fairness hearing before a minor plaintiff's case may be settled. *See Large v. Hayes By and Through Nesbitt*, 534 So.2d 1101, 1105 (Ala. 1998). This is a rule of substantive law, which must be applied by federal courts sitting in diversity. *See Burke v. Smith*, 252 F.3d 1260, 1266 (11th Cir. 2001). In order for the settlement to be binding on the minor, the hearing must involve

"examination or investigation into the facts." *Abernathy v. Colbert Cnty. Hosp. Bd.*, 388 So.2d 1207, 1209 (Ala. 1980) (quoting 42 Am. Jur. 2d Infants § 47 (1978)) (internal quotation marks omitted).

The court, therefore, conducted an in-person, on-the-record fairness hearing to determine whether to approve the settlement agreement between K.J. and defendants CTW and McCall. K.J., his mother, his father, the guardian ad litem, and counsel for both parties were present for the hearing. The court has reviewed the pleadings in this case, heard in open court a detailed oral explanation of the positions of all parties, and is sufficiently familiar with the background surrounding this action, including the guardian ad litem's assessment of the strength of K.J.'s case and the likely outcome at trial.

## II. The Settlement

The settlement agreement can be summarized as follows:

(1) K.J. will receive a monetary award in the amount of $ 600,000.

(2) $ 5,000.00 shall be paid directly to K.J. through his mother. Said funds shall be used for the health, support, education, and/or maintenance of K.J. pursuant to § 26-2A-6(a)(3)(c) of the 1975 Ala. Code.

(3) K.J.'s counsel, Doug Dellaccio, shall hold in his client trust account $ 20,000.00 for the purchase of a vehicle. K.J.'s mother's driver's license is suspended due to unpaid tickets. Dellaccio has agreed to assist her having these tickets satisfied and having her driver's license reinstated. K.J. will not purchase a vehicle unless his mother has secured a valid driver's license. Dellaccio shall disburse funds directly to the automobile dealership and directly to Montgomery County Probate Court for tags and registration. He shall also disburse directly to the automobile insurance company funds sufficient to maintain comprehensive insurance coverage on the vehicle until K.J. turns 19 and is thereafter able to

maintain insurance coverage on his own.  K.J.'s counsel shall provide the guardian ad litem, Attorney Karen Laneaux, a copy of the mother's valid driver's license, the automobile bill of sale, automobile insurance quotes and any other documents instrumental towards the vehicle purchase.  Should the mother fail to secure a valid driver's license prior to K.J.'s 19th birthday, K.J.'s counsel shall release the $ 20,000.00 directly to K.J. on his 19th birthday.

(4) A structured annuity with a cost of $ 328,844.06 shall be purchased by the insurer, Northland Insurance Company, on behalf of the CTW and McCall for the benefit of K.J., as fully described in Exhibit A attached hereto.

(5) CTW and McCall may satisfy this settlement by paying the respective portion of said funds, other than the funds to purchase the structured annuity, to Dellaccio, as set forth above and pursuant to the terms set forth in the release entered into between the parties.

(6) Dellaccio is entitled to an attorney's fee in the amount of $ 240,000, as well as costs and expenses in the amount of $ 4,229.89, which shall be satisfied out of the settlement awarded to K.J.

(7) The guardian ad litem is entitled to a fee in the amount of $ 1,617.50, which will be paid by CTW and McCall, and not by K.J.'s settlement.

(8) Upon payment of the funds to Dellaccio and for the funding of the structured annuity, CTW and McCall shall have discharged their obligations under the settlement and shall be discharged and released from any further liability to K.J. arising out of the accident made the basis of this lawsuit, and all claims which were or possibly could have been asserted in this action by K.J. against CTW and McCall are merged in this case and forever barred.

The parties further orally request that, upon approval of the settlement, the court should dismiss the case with prejudice.

III. The Court's Findings and Conclusions

At the hearing, the court heard about the extent of K.J.'s injuries, the effect the accident had on his education, and each party's understanding of the settlement. K.J.'s medical debt amounts to $ 1,926.05, as the remainder of the expenses were covered by insurance. As a result of the accident, K.J. fell behind in school, and now needs to pay for and attend night school in order to graduate on time. Because transportation to night school is not provided, and neither of K.J.'s parents has a functioning vehicle, some of the settlement proceeds will be dedicated to purchasing a vehicle for K.J. to use to attend these classes. The court heard credible testimony from K.J. and his mother that they understand the car and the remaining proceeds are to be used solely for the benefit of K.J., and is satisfied that the funds and car will be so used. The court also credits testimony by the guardian ad litem that she believes the funds will be so used. The court also

understands that K.J.'s mother, individually and as the mother of K.J., has agreed to be responsible for any medical bills, liens, and any subrogation claims arising from the subject accident and this lawsuit. Further, the guardian ad litem assessed the settlement--including the attorney's fee provision--and found it fair and in K.J.'s best interests.

Thus, based on the above evidence and representations, the court finds, and holds, that the terms and provisions of the settlement are understood and agreed to by the parties, that they are fair, just, and reasonable under the circumstances involved in this case, and that they are in the best interests of K.J. The court further finds the attorney's fee and costs reasonable and duly earned by K.J.'s counsel. The court will approve the settlement and dismiss the case.

An appropriate judgment will be entered.

DONE, this the 2nd day of August, 2018.

                                        /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**